UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN DOES #1-6, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

RICHARD SNYDER, Governor of the
State of Michigan, and COL. KRISTE
ETUE, Director of the Michigan State
Police, in their official capacities,

        Defendants.

File No. 2:16-cv-13137

Hon. Robert H. Cleland

Mag. Judge David R. Grand

_____

## STIPULATED ORDER GRANTING CLASS CERTIFICATION

The parties, by counsel, stipulate to an order granting class certification, though slightly modifying the class definitions set forth in the plaintiffs' second amended complaint (ECF #34) and in the plaintiffs' motion for class certification (ECF #35). The defendants' consent to certification is limited to the currently operative version of Michigan's Sex Offenders Registration Act (SORA). Should the legislature amend SORA, the parties are free to return to this Court to propose, either jointly or separately, modification or termination of this certification order if appropriate in light of any such legislative changes. This certification order will remain operative pending the Court's ruling on any such requests.

1

The parties agree, and the Court orders, as follows:

1. The plaintiffs' motion for class certification is granted, as set forth below.

2. The Court certifies a "primary class" defined as all people who are or will be subject to registration under Michigan's Sex Offenders Registration Act.

3. The Court, pursuant to the agreement of the parties, certifies not one but two "ex post facto" sub-classes, defined as follows:

   a. The "pre-2006 ex post facto subclass" is defined as members of the primary class who committed their offense or offenses requiring registration before January 1, 2006, and who have committed no registrable offense since.

   b. The "2006-2011 ex post facto subclass" is defined as members of the primary class who committed their offense or offenses requiring registration on or after January 1, 2006, but before April 12, 2011, and who have committed no registrable offense since.

4. The primary class seeks relief on Count I (vagueness); Count II (strict liability), and Count III (First Amendment).

5. The two ex post facto subclasses seek relief on Count IV (ex post facto violation).

6. The Court finds that, as to the primary class and the two subclasses, the requirements of Fed. R. Civ. P. 23(a) are met because (1) the class and subclasses are so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class and subclasses, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the

class and subclasses, and (4) the representative plaintiffs will fairly and adequately protect the interests of the class and subclasses.

7. The Court finds that, as to the primary class and the two subclasses, the requirements of Fed. R. Civ. P. 23(b)(1)(A) are met because prosecuting separate actions by or against individual class members would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class". Fed. R. Civ. P. 23(b)(1)(A).

8. The Court finds that, as to the primary class and the two subclasses, the requirements of Fed. R. Civ. P. 23(b)(2) are met because the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief would be appropriate respecting the class as a whole if plaintiffs prevail in demonstrating that those actions or inactions violate plaintiffs' rights.

9. Plaintiffs John Does #1-6 are named as class representatives for the primary class.

10. Plaintiffs John Doe # 1, John Doe #2 and John Doe #3 are named as class representatives for the pre-2006 ex post facto subclass.

11. Plaintiffs John Doe # 4 and John Doe # 5 are named as class representatives for the 2006-2011 ex post facto subclass.

12. The Court finds that plaintiffs' counsel are qualified to handle this class action litigation and will zealously prosecute the case for the class. The Court therefore appoints Miriam Aukerman, Alyson Oliver, and Paul Reingold as class counsel under Fed. R. Civ. P. 23(g). In appointing Ms. Aukerman, Ms. Oliver and Mr. Reingold as class counsel, the Court has considered the factors set out Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

13. Because this order converts one ex post facto subclass into two sub-classes, all references in the plaintiffs' second amended complaint to the "ex post facto subclass" should be read as saying the "ex post facto subclass__es.__" The amended subclass definitions set forth in this order shall control.

14. By creating two discrete ex post facto subclasses, the parties and the Court will be able to tailor with specificity any relief on the ex post facto claim to *Does #1-5 v. Snyder,* 834 F.3d 696 (6th Cir. 2016), based on which SORA amendments are being applied retroactively to which registrants.

15. By stipulating to this order, the plaintiffs, and the class members they represent, are not waiving any claims with respect to other causes of action or other forms of relief which they have not pled in this action for declaratory and injunctive relief.

SO ORDERED.

                         S/Robert H. Cleland
                       ROBERT H. CLELAND
                       UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 11, 2018, by electronic and/or ordinary mail.

               S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

Dated: September 6, 2018

Approved by:

s/ Miriam Aukerman (P63165)
Attorney for Plaintiffs
American Civil Liberties Union
 Fund of Michigan
1514 Wealthy SE, Suite 242
Grand Rapids, MI 49506
(616) 301-0930 - maukerman@aclumich.org

s/ Alyson L. Oliver (P55020)
Co-counsel for Plaintiffs
Oliver Law Group, PC
363 W. Big Beaver Rd., Suite 200
Troy, MI 48226
(248) 327-6556 - notifications@oliverlg.com

s/ Paul D. Reingold (P27594)
Co-counsel for Plaintiffs
Michigan Clinical Law Program
363 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 763-4319 – pdr@umich.edu

s/ Adam Sadowski (P73864)
s/ Jared D. Schultz (P80198)
Attorneys for Defendants
Michigan Dept. of Attorney General
525 West Ottawa Street
P.O. Box 30736
Lansing, MI 48933-1067
(517) 373-6434 – sadowskia@michigan.gov
(517) 373-6434 – schultzj15@michigan.gov