UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN DOES #1-6, on behalf of themselves and all others similarly situated, <br><br>　　Plaintiffs, <br><br>v <br><br>RICHARD SNYDER, Governor of the State of Michigan; COL KRISTE ETUE, Director of the Michigan State Police, in their official capacities, <br><br>　　Defendants. | No. 2:16-cv-13137 <br><br>HON. ROBERT H. CLELAND <br><br>MAG. DAVID R. GRAND <br><br>**STIPULATED ORDER FOR DECLARATORY JUDGMENT AND FOR 90-DAY DEFERRAL OF DECISION ON INJUNCTIVE RELIEF TO PROVIDE OPPORTUNITY FOR LEGISLATIVE RESOLUTION** |

| | |
|---|---|
| Miriam J. Aukerman (P63165) <br> American Civil Liberties Union of MI <br> Co-Attorney for Plaintiffs <br> West MI Regional Office <br> 1514 Wealth ST., SE <br> Grand Rapids, MI 49506 <br> 616.301.0930 <br> maukerman@aclumich.org <br><br> Paul D. Reingold (P27594) <br> Co-Attorney for Plaintiffs <br> University of MI <br> 801 Monroe St. <br> 363 Legal Research Bldg <br> Ann Arbor, MI  48109 <br> 734.763.4319 <br> mclp@umich.edu | Joseph T. Froehlich (P71887) <br> Attorney for Defendants <br> Complex Litigation Division <br> P.O. Box 30736 <br> Lansing, MI  48909 <br> 517.335.3055 <br> froehlichj1@michigan.gov <br><br> Alyson L. Oliver (P55020) <br> Co-Attorney for Plaintiffs <br> 1647 W. Big Beaver Road <br> Troy, MI  48084 <br> 248.327.6556 <br> notifications@oliverlg.com |

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/

## STIPULATED ORDER FOR
## DECLARATORY JUDGMENT AND FOR 90-DAY DEFERRAL OF DECISION ON INJUNCTIVE RELIEF TO PROVIDE OPPORTUNITY FOR LEGISLATIVE RESOLUTION

WHEREAS, the Sixth Circuit Court of Appeals held in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016) ("*Does I*"), *cert. denied,* 138 S. Ct. 55 (2017), that the current Sex Offender Registration Act (SORA), M.C.L. § 28.721 *et seq* is punishment and that the ex post facto application of the 2006 and 2011 amendments is unconstitutional; and

WHEREAS, this Court is bound by that decision; and

WHEREAS, this Court has certified this case as a class action; and

WHEREAS, the plaintiffs have filed a motion for partial summary judgment seeking both declaratory and injunctive relief on their ex post facto claim; and

WHEREAS, the plaintiffs' second amended class action complaint alleges that the 2011 SORA amendments are not severable, and alleges that therefore the statute is null and void as applied to pre-2011 registrants; and

WHEREAS, the defendants disagree but the parties wish to avoid litigating this issue if possible because the issue will likely

2

become moot if the Michigan Legislature passes a new sex offender registration law; and

WHEREAS, the plaintiffs' second amended complaint also seeks class-wide relief on other aspects of SORA that this Court previously found to be unconstitutional, which would also likely become moot if the Michigan Legislature passes a new law that addresses this Court's finding of constitutional infirmity; and

WHEREAS, the parties believe that the Michigan Legislature should be given a further opportunity to revise the statute before this Court addresses the Plaintiffs' request for injunctive relief on the ex post facto claim, or the parties litigate the other claims; and

WHEREAS, ninety days is a reasonable period for legislative action, given that the *Does I* decision has been final since October 2017;

By stipulation of the parties, it is ORDERED as follows:

1. The Court enters a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and consistent with *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *cert. denied,* 138 S. Ct. 55 (2017), that the current Sex Offender Registration Act (SORA), M.C.L. § 28.721 *et seq.* is punishment and that the ex post facto application of the 2006 and 2011 amendments is unconstitutional;

2. The Court defers for 90 days the question of whether this declaratory judgment should apply to the following class members:

   a. Paul J. Betts and David Allen Snyder, whose criminal appeals are currently pending before the Michigan Supreme Court;

   b. Members of the pre-2011 subclasses who have a pending direct appeal in a criminal case where a Michigan state court, prior to August 25, 2016, issued a decision involving the question of whether SORA violates the Ex Post Facto Clauses of the U.S. or Michigan Constitutions; and

   c. Members of the pre-2011 subclasses who have an open civil case in either Michigan state court or federal court that includes a claim that SORA violates the Ex Post Facto Clauses of the Michigan or U.S. Constitutions.

3. In order to avoid interfering with the Michigan legislature's efforts to address the *Does I* decisions and their findings of constitutional deficiencies with SORA, the Court defers a ruling on any injunctive relief for 90 days. The Court also specifically defers ruling on:

   a. Whether the 2011 amendments can be severed from SORA, and whether, if the 2011 amendments cannot be severed, the statute is null and void as applied to people who are subject to registration based on offenses committed before April 12, 2011; and

   b. Whether there are issues in this case that should be certified to the Michigan Supreme Court for decision in the first instance.

4. In the event that the legislature has not revised the statute within 90 days of this order, the parties shall submit a joint status report and the Court will set a briefing schedule to decide the questions of (a) whether this declaratory judgment and any subsequent injunctive relief shall apply to the class members listed in ¶ 2; (b) severability, and whether SORA can apply at all to pre-2011 registrants; (c) what remedies shall be ordered in this case; and (d) any other issues raised by the parties at that time. In their joint status report, the parties

shall address whether there are issues of state law that should be certified to the Michigan Supreme Court, or whether this Court should decide those issues.

                                      SO ORDERED.

                                      <u>s/Robert H. Cleland</u>
                                      Hon. Robert H. Cleland
                                      U.S. District Judge

Dated: May 23, 2019

Approved by:

| | |
|---|---|
| <u>s/ Miriam Aukerman (P63165)</u><br>Attorney for Plaintiffs<br>1514 Wealthy SE, Suite 242<br>Grand Rapids, MI 49506<br>616.301.0930<br>maukerman@aclumich.org | <u>s/ Alyson L. Oliver (P55020)</u><br>Co-Attorney for Plaintiffs<br>1647 W. Big Beaver Road<br>Troy, MI  48084<br>248.327.6556<br>notifications@oliverlg.com |
| <u>s/ Paul D. Reingold (P27594)</u><br>Co-Attorney for Plaintiffs<br>801 Monroe St.<br>363 Legal Research Bldg<br>Ann Arbor, MI  48109<br>734.763.4319<br>mclp@umich.edu | <u>s/Joseph T. Froehlich (P71887)</u><br>Attorney for Defendants<br>Assistant Attorney General<br>Attorney for Defendants<br>P.O. Box 30736<br>Lansing, MI  48909<br>froehlichj1@michigan.gov |