# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE, et al.,

    Plaintiffs,

v.                                    Case No. 16-13137

RICHARD SNYDER, et al.,

    Defendants.

_____/

**INTERIM ORDER DELAYING ENTRY OF FINAL JUDGMENT, PRELIMINARILY ENJOINING REPORTING REQUIREMENTS, AND DIRECTING PUBLICATION**

The court enters this Interim Order after consultation with counsel to provide direction to registrants and law enforcement while the coronavirus (COVID-19) pandemic state of emergency continues and renders effectively impossible the entry of a final order providing complete relief.

As explained herein, the relief provided in this Order is temporary and specifically tied to the state of emergency declarations, state and federal.

**This Interim Order does not constitute a final judgment in this case.**

WHEREAS on February 14, 2020, this court granted Plaintiffs' motions for summary judgment as to Counts I – IV of the second amended complaint and entered declaratory and injunctive relief on all of Plaintiffs' claims, including ordering that Michigan's Sex Offenders Registration Act (SORA), Mich. Comp. Laws § 28.721 et seq., is null and void as to pre-2011 registrants, and

WHEREAS, after consultation and guidance from counsel, the court delayed the effective date of its decision until 60 days after the entry of the final judgment in order

(1) to "allow time for the legislature to craft and enact a new statute," and (2) to ensure that registrants, prosecutors' offices, and law enforcement would likewise receive notice of the order before the injunctive relief took effect (ECF No. 84, PageID.1805), and

WHEREAS after further consultation with counsel, the court granted the parties' joint request for an extension until March 20, 2020 to submit a proposed judgment (as well as proposed notices and a description of when and how they would be served) intended to permit reasonably swift enforcement of the judgment, and

WHEREAS by March 20, 2020, the global pandemic caused by the COVID-19 virus had emerged and substantially disrupted all aspects of everyday life, severely restricting the abilities of government and making it virtually impossible for the Michigan State Police (MSP) Sex Offender Registration (SOR) Unit to complete the steps necessary to implement a final judgment, and

WHEREAS counsel for Defendants report that the MSP has not yet identified the members of the ex post facto subclasses and cannot say when it will be able to determine which registrants belong to those subclasses (and are therefore entitled to relief under Count IV), which is necessary in order to identify which registrants will no longer be subject to SORA, and which registrants will be subject to a more limited SORA, and

WHEREAS counsel for Defendants further report that it would be effectively impossible for the MSP SOR Unit to mail the 44,000 individual notices to class members within the time frames originally contemplated because MSP SOR Unit employees are required to work from home, and lack access to certain computing

infrastructure and input from senior decision-makers and state employees in other departments (e.g., Technology, Management and Budget) necessary to implement the court's order, and

WHEREAS the parties report that although remedial legislation has been proposed, the state legislature is not meeting in regular session, and committee hearings have been cancelled or postponed bringing legislative processes to a near-standstill, and

WHEREAS the parties report that numerous registrants attempting to report in person have been turned away based on a February 21, 2020 memorandum from the MSP sent to law enforcement agencies instructing them not to take actions such as verifying registration unless the agency could confirm that the registrant's offense occurred after April 11, 2011 (ECF No. 89-2, PageID.1836), and

WHEREAS the widespread closure of police stations to the public in response to the COVID-19 pandemic makes in-person compliance with SORA effectively impossible for registrants, and would in any event be inconsistent with current physical isolation directives,

NOW THEREFORE,

IT IS ORDERED that any final judgment is hereby SUSPENDED for the duration of the current COVID-19 crisis. The "current COVID-19 crisis" shall be considered ended:

(a) when there is no longer an operative federal or state executive order or legislative act declaring a state of emergency, or

(b) when the Court determines that the conditions giving rise to the need for this Interim Order no longer apply.

IT IS FURTHER ORDERED that Defendants and their agents are PRELIMINARILY ENJOINED from enforcing registration, verification, school zone, and fee violations of SORA that occurred or may occur from February 14, 2020, until the current crisis has ended, and thereafter until registrants are notified of what duties they have under SORA going forward.[1] This interim injunctive relief conforms with and implements this court's order that registrants cannot be held strictly liable for SORA violations. (ECF No. 84, PageID.31.)

IT IS FURTHER ORDERED that this Interim Injunction takes effect IMMEDIATELY and applies to the primary class.

IT IS FURTHER ORDERED that during this interim period the parties will CONTINUE to prepare the form of a Final Judgment, notices, and a plan of when and how the notices will be served. Counsel are expected to be prepared to submit the jointly-proposed Final Judgment not later than 14 days after the current crisis ends. Pursuant to the court's opinion and order of February 14, 2020, the Final Judgment shall take effect 60 days after the date it is entered.

IT IS FURTHER ORDERED that within **seven days** of the entry of this order:

(a) The MSP and Plaintiffs' counsel shall POST notice of this order, and a copy

---

[1] This interim injunction enjoins only enforcement. It does not bar the defendants from maintaining the registry, such as inputting information about new registrants or continuing the Public Sex Offender Registry.

of it or link to it, on their websites[2] and/or such other locations as will with reasonable assurance allow it to be seen widely by class members;

(b) Whereas counsel for Defendants have identified the Prosecuting Attorneys Coordinating Counsel (PACC) as a suitable state agency for effective communication to individual Prosecuting Attorneys' offices, the Executive Director of PACC is DIRECTED FORTHWITH to provide effective notice of this order, and a copy of it or link to it, by email to all Michigan Prosecuting Attorneys;

(c) The MSP SOR Unit shall PROVIDE effective notice of this order, and a copy of it or link to it, by email to the Michigan Association of Chiefs of Police and to the Michigan Sheriffs' Association, who are expected to transmit the notice to all law enforcement personnel within those agencies who are responsible for SORA enforcement matters.

Finally, IT IS ORDERED that parties REPORT to the court by joint memorandum or telephone conference, at their option, every 30 days on their progress in completing the tasks set out above and in the Court's February 14, 2020, Opinion and Order, and any other matters pertinent to moving this case forward as expeditiously as reasonably possible in light of the current crisis.

                                                  s/Robert H. Cleland              /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: April 6, 2020

---

[2] MSP website: https://www.michigan.gov/msp/0,4643,7-123-1878_24961---,00.html; ACLU website: ACLU website: https://www.aclumich.org/en/SORA.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 6, 2020, by electronic and/or ordinary mail.

                                            <u>s/Lisa Wagner                      /</u>
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\16-13137.DOESII.interim.injunctive.order.HEK.2.RHC.2.docx