UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN DOES #1-6, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPAR, Director of the Michigan State
Police, in their official capacities

        Defendants.

File No. 16-13137

Hon. Robert H. Cleland

Mag. J. David R. Grand

_____

**FINAL JUDGMENT**

Whereas Plaintiffs filed a complaint in August 2016 and subsequently filed amended complaints challenging the constitutionality of the version of Michigan's Sex Offenders Registration Act, Mich. Comp. Laws § 28.721 *et seq.*, in effect at the time ("pre-2021 SORA" or "old SORA");

Whereas this Court on September 11, 2018, entered a stipulated order certifying a primary class of all people required to be registered under Michigan's pre-2021 SORA, and two "ex post facto" subclasses of individuals with offenses pre-dating January 1, 2006, and April 12, 2011, R. 46;

Whereas this Court on May 23, 2019, entered a stipulated order declaring the 2006 and 2011 SORA amendments to be unconstitutional as to the ex post facto

1

subclasses, R. 55;

Whereas this Court on February 14, 2020, issued an opinion and order granting Plaintiffs' motions for summary judgment as to Counts I through IV of the second amended complaint, and ordered Defendants to provide notice of the Court's ruling to all registrants, and all law enforcement officials and prosecuting attorneys tasked with the enforcement of SORA, R. 34;

Whereas this Court on April 6, 2020, subsequently entered an interim order suspending both enforcement of the old SORA and entry of the final judgment during the COVID-19 pandemic, R. 91;

Whereas the Michigan Legislature thereafter passed, and the Michigan governor signed, Michigan Public Act 295 of 2020 (HB 5679), which repealed certain provisions and amended other provisions of the old SORA and which took effect on March 24, 2021 ("new SORA")[1];

Whereas this Court on June 21, 2021, issued an opinion and order granting in part Plaintiffs' Motion for Judgment and Amended Motion for Judgment, R. 121;

This Court now enters final judgment as follows:

---

[1] As used in this judgment, the "new SORA" refers to the version of Michigan's Sex Offenders Registration Act, M.C.L. § 28.721 *et seq.*, in effect as of March 24, 2021, including both sections that were and were not amended by Public Act 295 of 2020.

1. IT IS ORDERED that Plaintiffs' motion for declaratory relief (R. 62) is GRANTED. Michigan's pre-2021 SORA is DECLARED to be punishment. Thus, the ex post facto application of the 2006 and 2011 amendments is DECLARED unconstitutional, the 2011 amendments are DECLARED not severable from the pre-2021 SORA, and the pre-2021 SORA is therefore DECLARED NULL AND VOID as applied to conduct that occurred before March 24, 2021 to members of the ex post facto subclasses (defined as all people who are or will be subject to registration under SORA, who committed their offense or offenses requiring registration prior to April 12, 2011, and who have committed no registrable offense since). This declaration does not prevent the enforcement of any provision in the new SORA (as defined above and whose constitutionality was not at issue in this litigation) for conduct that occurs on or after March 24, 2021, against any registrant, including members of the ex post facto subclasses.

2. IT IS FURTHER ORDERED that Plaintiffs' motion for injunctive relief (R. 62) is GRANTED. Defendants and their agents are permanently ENJOINED from enforcing ANY provision in the pre-2021 SORA against members of the ex post facto subclasses, for conduct that occurred before March 24, 2021. As the Legislature has now amended SORA, and as this litigation did not address the constitutionality of the new SORA (as defined above), this injunction does not enjoin

enforcement of any provision in the new SORA (as defined above) against members of the ex post facto subclasses.

3. IT IS FURTHER ORDERED that Plaintiffs' motion for partial summary judgment (R. 75) is GRANTED. The following provisions of the pre-2021 SORA are DECLARED unconstitutional, and Defendants and their agents are permanently ENJOINED from enforcing them against any registrant for any violation that occurred before March 24, 2021:

  (a) Provisions Void for Vagueness:

    i. the prohibition on working within a student safety zone, Mich. Comp. Laws §§ 28.733–734;

    ii. the prohibition on loitering within a student safety zone, Mich. Comp. Laws §§ 28.733–734;

    iii. the prohibition on residing within a student safety zone, Mich. Comp. Laws §§ 28.733, 28.735;

    iv. the requirement to report "[a]ll telephone numbers . . . routinely used by the individual," Mich. Comp. Laws § 28.727(1)(h);

    v. the requirement to report "[t]he license plate number, registration number, and description of any motor vehicle, aircraft, or vessel . . . regularly operated by the individual," Mich. Comp. Laws § 28.727(1)(j).

  (b) Provisions Void for Strict Liability:

    i. under the Due Process Clause of the U.S. Constitution, the old SORA must be interpreted as incorporating a knowledge requirement.

  (c) Provisions Void under the First Amendment:

    i.    the requirement to "report in person and notify the registering authority . . . immediately after . . . [t]he individual . . . establishes any electronic mail or instant message address, or any other designations used in internet communications or postings," Mich. Comp. Laws § 28.725(1)(f);

    ii.    the requirement to report "[a]ll telephone numbers . . . routinely used by the individual, Mich. Comp. Laws § 28.727(1)(h);

    iii.    the requirement to report "[a]ll electronic mail addresses and instant message addresses . . . routinely used by the individual," Mich. Comp. Laws § 28.727(1)(l);

    iv.    the retroactive incorporation of the lifetime registration's requirement to report "[a]ll electronic mail addresses and instant message addresses assigned to the individual . . . and all login names or other identifiers used by the individual when using any electronic mail address or instant messaging system," Mich. Comp. Laws § 28.727(1)(i).

As this litigation did not address the constitutionality of the new SORA (as defined above), this injunction does not enjoin enforcement of any provision in the new SORA (as defined above).

    4.  IT IS FURTHER ORDERED that enactment of the new SORA does not moot this case. Absent this judgment, registrants could face prosecution for conduct that occurred before March 24, 2021, under provisions of the old SORA that have been found unconstitutional, or whose enforcement was barred while the Interim Order, R. 91, was in effect.

5. IT IS FURTHER ORDERED (consistent with this Court's Interim Order Delaying Entry of Final Judgment, Preliminarily Enjoining Reporting Requirements, and Directing Publication, R. 91, and this Court's Opinion and Order holding that registrants cannot be held strictly liable for old SORA violations, R. 84, which are incorporated by reference), that Defendants and their agents are permanently ENJOINED from enforcing registration, verification, school zone, and fee violations of the old SORA that occurred from February 14, 2020, until March 24, 2021. The Interim Order, R. 91, is hereby terminated.  (This injunction does not prevent the enforcement of the new SORA (as defined above) for conduct that occurred on or after March 24, 2021.)

6. IT IS FURTHER ORDERED that Defendants shall PROVIDE NOTICE of this judgment to all registrants and to all law enforcement officials and prosecuting attorneys tasked with the enforcement of SORA within 21 days of the Court approving the notices and notice process. Within 21 days of entry of this judgment the parties shall submit for the Court's approval a joint proposed process for notice and proposed notices for registrants, prosecutors and law enforcement. If the parties cannot agree, they shall provide their respective proposed notice process and proposed notices.

7. IT IS FURTHER ORDERED that to enable post-judgment monitoring, Defendants shall provide class counsel with a class list and information about class

members, consistent with this Court's June 21, 2021, Opinion and Order, R. 121. The parties have informed the Court that, given the complexities associated with obtaining certain types of data, the parties need time to assess the capabilities of the SORA database to generate such data, and then time to discuss what information will be provided, in what format, and on what timeline. Therefore, the parties shall have 21 days to submit a proposed order, or if they cannot agree, their respective proposed orders, regarding the provision of a class list plan for the Court's approval.

8. IT IS FURTHER ORDERED that any non-public information about individual registrants contained in the class list shall be confidential and shall not be further disclosed by class counsel, except that class counsel are authorized to share such information as needed to resolve an individual class member's situation, including with that class member and his/her counsel. Such information about individual registrants shall not be used for any purpose other than to represent the individual class members or the class.

9. IT IS FURTHER ORDERED that provision of the above information pursuant to paragraphs 7 and 8 shall not be deemed a violation of any law or regulation that might otherwise be read to protect the confidentiality of such information, including Mich. Comp. Laws. §§ 28.214, 28.728, 28.730.

10. IT IS FURTHER ORDERED that, in the interests of judicial economy and the conservation of resources that might otherwise be expended on litigation as to

attorneys' fees and costs, the matter of attorneys' fees is referred to the magistrate judge for a settlement conference. Within 60 days after the conclusion of all appeals in this case, Plaintiffs will present a demand for fees and costs, with appropriate documentation, to Defendants, and Defendants will have 21 days to respond, after which, if the parties have not reached agreement, the magistrate judge will hold a settlement conference. If the parties are unable to resolve the attorney fee issues, the magistrate judge shall notify the Court that negotiations and mediation have failed, and Plaintiffs will then have 60 days to file a petition for fees and costs. For purposes of this order, "the conclusion of all appeals" means the latest of:

(a) the expiration of 30 days to file a notice of appeal to the United States Court of Appeals for the Sixth Circuit of any final order of this Court, including this one and any final order of this Court after remand, in the event the case is remanded by a higher court;

(b) the expiration of time to file a petition for certiorari to the United States Supreme Court following a final decision by the Sixth Circuit on appeal from any final order of this Court;

(c) the denial of a petition of certiorari by the United States Supreme Court; or

(d) the disposition of this case by the United States Supreme Court, if the Supreme Court grants a petition for certiorari.

Rather than file a separate bill of costs, the parties shall include the taxable items with the other costs for which they seek an award on the schedule established in this order.

12. IT IS FURTHER ORDERED that the Court retains jurisdiction to ensure compliance with its orders and to resolve any post-judgment issues, including attorneys' fees and any issues related to notice.[2]

                                        SO ORDERED.

                                        s/Robert H. Cleland
                                        Hon. Robert H. Cleland
                                        U.S. District Judge

Dated: August 4, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 4, 2021, by electronic and/or ordinary mail.

                                        s/Lisa Wagner                    /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\16-13137.DOESII.FinalJudgment.AAB.docx

---

[2] Parties shall first meet and confer regarding any issue that may require an amended judgment. If the parties cannot agree, a motion to modify the judgment may be filed under Fed. R. Civ. Pro. 60(b). *See* R. 121, PageID.2457 n.3.