UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN DOE, et al.,

       Plaintiffs,

v.                                                                                                 Case No. 16-13137

RICHARD SNYDER, et al.,

       Defendants.

_____/

**ORDER FOR PROVIDING NOTICE TO CLASS MEMBERS,
PROSECUTORS, AND LAW ENFORCEMENT[1]**

**A. Process for Notice to Registrants**

1.    The State Defendants shall provide notice in English and Spanish[2] to all individuals who are, or will be, required to register under Michigan's Sex Offenders Registration Act, Mich. Comp. Laws § 28.721 et seq. ("SORA"), including individuals with initial registrations pending review and processing by the MSP SOR Unit who will be registered under SORA (collectively, "Registrants"). The State Defendants shall not be required to provide notice to individuals: (a) who are deceased; or (b) who were required to register in the

---

[1]    This order is based on a "proposed order" jointly submitted by the parties. Since the parties could not reach a complete agreement on certain terms (*see* ECF No. 127), the court includes footnotes explaining its rationale for adopting specific language for each disputed provision.

[2]    Plaintiffs will be responsible for translating the Registrant Notice, Incarcerated Registrant Notice, and Registrant Notice for Posting into Spanish. Both the English and Spanish versions of these notices shall be formatted to fit on four pages each to permit both notices to be printed on four sheets of paper total using double-sided printing. This order permits updating of website links and minor formatting adjustments to the court-approved notices as necessary to accommodate translation and to facilitate mailing and posting.

past, but who are no longer subject to SORA (e.g., registration term has expired, offense no longer requires registration, removed by court order).[3] *See* Mich. Comp. Laws § 28.723 (identifying individuals required to be registered).

---

[3]     Defendants argue that they "should not be ordered to mail notice to out-of-state, inactive registrants" who are not currently subject to SORA's reporting requirements unless they move back to Michigan. (*See* ECF No. 127, PageID.2586-89). Defendants contend that providing notification to such registrants would be impractical due to address staleness concerns, that the notice would be "of limited benefit" to such class members, and that mailing a notice to stale addresses could potentially expose the Defendants to liability by revealing confidential information to a third party. (*Id.*) Plaintiffs dispute these points and argue that all class-member registrants, regardless of their current residence are entitled to notice. The court largely concurs in Plaintiff's assessment.

    The present class action was certified under Federal Rule of Civil Procedure 23(b)(1)(A) & 23(b)(2), (*see* ECF No. 46.), so the need for and scope of notice is a largely discretionary determination left to the court. Fed. R. Civ. P. 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct *appropriate* notice to the class.") (emphasis added). *See also Lewis v. City of Chicago, Illinois*, 702 F.3d 958, 962 (7th Cir. 2012) (noting that "Rule 23 [does not] require notice when a class action is resolved on the merits"). The court has already entered a stipulated judgment requiring—based on the court's discretionary authority under Rule 23(c)(2)(A)—that Defendants provide notice "to all registrants." (ECF No. 126, PageID.2572.) The court finds that the language of the final judgment already requires the notification of all registrants, but the court notes Defendant's objections to lack merit on their own terms. The fact that some unknown, material percentage of registrants now residing out-of-state will not receive the notification does not logically lead to the conclusion that other out-of-state registrants should be deprived of notification. And, if Defendants think the Postal Service's change-of-address records will be inadequate, Defendants are free to voluntarily mitigate this concern by using additional commercial address locations services to increase the accuracy of its mailing. *See*, *e.g.*, *Del Carmen v. R.A. Rogers, Inc.*, No. SA16CA971FBHJB, 2018 WL 6430835, at *3 (W.D. Tex. Oct. 18, 2018) (noting the use of "LexisNexis Accurint locate service" to find class members).

    Furthermore, the liability concerns raised by Defendants appear to be illusory as they are not based in any case law or regulation. For any disclosure of confidential information to occur a third-party would need to first violate federal law—by opening someone else's mail. *See* 18 U.S.C. § 1702. In analogous class actions, where a notification also contains highly private information, notices are still routinely mailed throughout the country. *See, e.g.*, *In re Silicone Gel Breast Implant Prod. Liab. Litig.*, No. CV 92–P–10000–S, 1994 WL 114580, at *8 (N.D. Ala. Apr. 1, 1994) (directing notification by mail to all individuals known to have received a defective breast implant).

2. The State Defendants shall mail non-incarcerated Registrants notice within 21 days of the date of this order as follows:

    a. The State Defendants shall send Exhibit 1 (Registrant Notice) in English and Spanish to Registrants who are not presently incarcerated via the United States Postal Service (USPS) by first-class mail to the Registrants' last provided address. In addition, the State Defendants shall verify Registrants' last provided address against the permanent change-of-address records in the National Change of Address (NCOA) database, and send the Registrant Notice to the updated address on file with the USPS. The State Defendants shall further request that the USPS provide a list identifying the Registrants with active change-of-address requests in the NCOA database and their updated address where the Registrant Notice was mailed, and produce any such list to Plaintiffs' counsel. Any such list will be provided in a searchable, manipulable format, such as an Excel spreadsheet, if available in that format.

    b. For any Registrant Notice returned as undeliverable, but with a new forwarding address provided by USPS, the State Defendants will re-mail the notice to the new forwarding address provided. Such re-mailing shall be completed within 120 days of the date of this order for any mail returned within 90 days of this order's issuance. Notices returned more than 90 days after this order's issuance are not required to be remailed. Defendants are not required to search any commercial database for new forwarding

addresses for returned notices, Defendants must only re-mail notices returned with a clearly indicated forwarding address.[4]

3. Within 90 days of the date of this order, the State Defendants shall, through the Michigan Department of Corrections (MDOC), provide notice to incarcerated Registrants sentenced to the custody of the MDOC as follows:

   a. The State Defendants shall provide the MDOC with copies of Exhibit 2 (Incarcerated Registrant Notice)[5] in English and Spanish for delivery or mailing, and posting, as well as a plain text version of Exhibit 2 for electronic distribution via JPAY.

---

[4] Defendants argue that they should not be required to re-mail notices returned as undeliverable, even if a new forwarding address has been provided because it would be a "significant undertaking and expenditure of State recourses." (ECF No. 127, PageID.2590.) Given the parameters put in place by this order, the court finds that Defendants concerns are unwarranted. This modified provision only requires that Defendants sort through notices returned before a certain date and re-mail notices in the rare instance that a new forwarding address is readily apparent. Under the terms of this order, Defendants can process mailing as they return, or alternatively, Defendants can wait 90 days and collect all returned notices at once for batch processing. This will allow Defendants to utilize temporary workers or contractors to process returned notifications if they so choose. Class notification in a case of this scope will always be a somewhat arduous process. The ordered notification process is actually less time-consuming than the notification process utilized in many other class actions. *See*, *e.g.*, *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 896 (9th Cir. 2017) (finding a claim administrator's mail notification process—that included "re-mail[ing] notices returned as undeliverable after investigating the potential class members' alternative or updated address information using private databases and address locator services"—was a sufficient method for notifying 200,000 class members); *Ontiveros v. Zamora*, 303 F.R.D. 356, 367 (E.D. Cal. 2014) ("If a class member's notice packet was returned as undeliverable without a forwarding address, Simpluris performed an advanced search on those addresses."); *Del Carmen*, 2018 WL 6430835, at *3 (utilizing a re-mailing process for returned notices that required further research for each returned notice).

[5] The State Defendants shall provide the MDOC with a copy of Exhibit 2 for posting, as well as copies of Exhibit 2 for personal delivery or mailing that have a cover sheet identifying each Registrant who will receive the notice by name and MDOC number.

    b.    The MDOC shall confidentially and personally deliver copies of Exhibit 2 in English and Spanish to all Registrants in the MDOC's physical custody.

    c.    The MDOC shall identify Registrants not in the MDOC's physical custody (e.g., Registrants incarcerated in State of Michigan county jails, or incarcerated out-of-state) and send Exhibit 2 in English and Spanish to those Registrants via the USPS by first class mail.

    d.    The MDOC shall distribute the plain text version of Exhibit 2 via JPAY in English and Spanish to all individuals sentenced to the custody of the MDOC with access to JPAY. Individuals with access to JPAY will not incur any cost to receive Exhibit 2 via JPAY.

    e.    The MDOC shall prominently post copies of Exhibit 2, separately in English and Spanish, in locations where they can be seen by Registrants in each correctional facility for no less than one year.

4. Within 90 days of the date of this order, the State Defendants shall provide notice to incarcerated Registrants who are not sentenced to the custody of the MDOC as follows:

    a.    The State Defendants, through the Michigan State Police (MSP) or the local sheriffs' offices, shall attempt to personally deliver copies of Exhibit 2 (Incarcerated Registrant Notice) in English and Spanish to all Registrants in custody in State of Michigan county jails.

    b.    The State Defendants shall identify Registrants identified in the MSP SOR database as being incarcerated in State of Michigan county jails but who did not receive a copy of Exhibit 2 via personal delivery and send Exhibit 1

5

    (Notice to Registrants) in English and Spanish to those Registrants in the same manner that notice was sent to non-incarcerated registrants as set forth in paragraph 2.a. For such Registrants, the State Defendants shall use the most recent previously provided residential address as the "last provided address" for purposes of fulfilling the requirements of paragraph 2.a. For Registrants in State of Michigan county jails who did not receive a copy of Exhibit 2 via personal delivery and to whom Exhibit 1 was then mailed, the State Defendants shall provide to Plaintiffs' counsel a list, in a searchable, manipulable format, such as an Excel spreadsheet, of the names and most recent residential addresses contained in the SOR database. The State Defendants shall also provide to Plaintiffs' counsel any NCOA list produced for such Registrants pursuant to paragraph 2.a.

  c. The State Defendants shall ask each State of Michigan county sheriff's office to prominently post copies of Exhibit 2 (Incarcerated Registrant Notice for Posting), separately in English and Spanish, in locations where they can be seen by Registrants in county jails for no less than one year.

5. The State Defendants shall post Exhibit 3 (Registrant Notice for Posting) on the MSP's website at: https://www.michigan.gov/msp/0,4643,7-123-1878_24961---,00.html, or such other location on the MSP's website as the MSP believes will enable it to be widely accessible.

6. The State Defendants shall provide each law enforcement agency in the state of Michigan designated to receive or enter sex offender registration information with a copy of Exhibit 3 (Registrant Notice for Posting), and request that each such

       law enforcement agency prominently display copies of the notice separately in English and Spanish in a location where they can be seen by Registrants for no less than one year.

### B. Process for Notice to Prosecutors

7. The Executive Director of the Prosecuting Attorneys Coordinating Counsel shall provide Exhibit 4 (Prosecutor Notice), Exhibit 5 (Summary of Final Judgment), and the other attachments referenced in the Prosecutor Notice by email to all elected county prosecutors in the State of Michigan for distribution to their offices.

### C. Process for Notice to Law Enforcement

8. The State Defendants shall provide Exhibit 6 (Law Enforcement Notice), Exhibit 5 (Summary of Final Judgment), and the other attachments referenced in the Law Enforcement Notice by email to the head of each law enforcement agency in the State of Michigan designated to receive or enter sex offender registration information for distribution to all law enforcement personnel who handle SORA enforcement matters within that agency.

### D. Reporting to Class Counsel

9. At or before 45 days and again at or before 90 days after the Court approves the notices and the notice process, the State Defendants shall report to Plaintiffs' counsel on the status of providing notice to Registrants, prosecutors, and law enforcement in the manner set forth above. If the State Defendants have not confirmed in writing to Plaintiffs' counsel that notices were provided to Registrants, prosecutors, and law enforcement in the manner set forth above

within 120 days after the Court approves the notices and the notice process, the parties may request a status conference with the Court.

10. Within 120 days after the Court approves the notices and the notice process, the State Defendants will report to counsel on the total number of notices that have been returned to Defendants within 90 days of this order's issuance and the names of Registrants for whom notices were returned, and the total number of notices remailed and the names and addresses of Registrants for whom notices were remailed. This reporting requirement is limited to mail returned within 90 days of this order's issuance.[6]

SO ORDERD,

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 22, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\16-13137.DOESII.ClassNotificationOrder.AAB.3.docx

---

[6] Defendants argue that having to process such returned envelopes would be impractical and burdensome. But as the court noted above, processing of mailed notifications returned as undeliverable is a common practice in class actions. And the court notes that there are various service and equipment providers that can help partially automate the processing of undeliverable mail. Tracking the success of a mass mailing is a reasonable part of conducting such a class notification.